UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joel Gordon,<br><br>　　　　　　　　Plaintiff,<br>　-v-<br><br>Blinds To Go (U.S.) Inc.,<br><br>　　　　　　　　Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Joel Gordon ("Gordon") by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Blinds To Go (U.S.) Inc. ("Defendant"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that he is: (i) entitled to unpaid wages/overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable FLSA minimum wage rate for each and all hours worked in a week and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff further complains, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate and 1.5 times the applicable New York State Minimum Wage rate, for all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable New York State minimum wage rate, for each hour he worked for Defendant in a week and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations there under - 12 NYCRR § 142-2.2.

1

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Joel Gordon ("Gordon") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant Blinds To Go (U.S.) Inc. ("BTG") was a for-profit corporation.

9. At all times relevant herein, Defendant BTG operated a facility located at 58-95 Maurice Ave Maspeth, New York 11378, where Plaintiff was employed.

10. At all times relevant herein, Defendant BTG controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed

such functions as to Plaintiff. See i.e. *Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132, 148 (2d Cir. 2008).

11. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was engaged in the blinds, drapery and shutter business.

13. Upon information and belief and at all times relevant herein, Defendant employed about 60 or more employees.

14. Plaintiff was employed by Defendant from in or around October 2018 to on or about October 24, 2022, as a technician for Defendant within New York and more specifically, within the New York City and Long Island area.

15. At all times relevant herein, Plaintiff was hired by Defendant as a manual worker/technician - lifting, handling/moving/transporting, packing/unpacking, measuring and installing blinds, drapery, shutters and accessories through his workday for Defendant.

16. At all times relevant herein, Plaintiff's work for Defendant was integral to Defendant's business.

17. At all times relevant herein, Plaintiff was required to represent himself as Defendant when dealing with customers and did so true dress/uniform, identification etc., was required to follow Defendant's rules and procedures in performing his work for Defendant.

18. During the work period, Plaintiff was supervised by Defendant – personnel of BTG would monitor Plaintiff's work in the field to determine if Plaintiff was complying with Defendant's rules, installation deadlines, requirements, etc.

19. During the work period, Defendant trained, directed and instructed Plaintiff as to what work to do and how to do such work.

20. During the Work Period, Defendant set Plaintiff's work schedule and work hours based on the requirements of Defendant's business.

21. At all times relevant herein, Plaintiff was never in business for himself and was economically dependent for employment, work and wages on Defendant.

22. At all times relevant herein, Plaintiff was economically dependent on Defendant, and when the relationship between Defendant ended, Plaintiff lost his job.

23. Defendant terminated Plaintiff's employment with Defendant on or about October 24, 2022.

24. At all times relevant herein, Plaintiff was paid an effective hourly rate of about $30.00 an hour.

25. At all times relevant herein, Plaintiff was paid only for about 40 hours a week and was not paid any wages for his overtime hours worked (weekly hours over 40 in a week).

26. At all times relevant herein, Plaintiff worked about 50-55 or more hours each week for Defendant, about five (5) or more days a week, throughout the period of his employment with Defendant – with the exception of 3-4 weeks each year.

27. In addition to the work time in paragraph 26, Plaintiff worked an additional 10-15 overtime hours each week on call for Defendant, with he exception of 3-4 weeks each year, for which he was not paid any wages in violation of the FLSA and NYLL, but for which Plaintiff did not receive any overtime wages from Defendant for these on-call hours. 29 CFR § 785.17; 29 CFR § 785.16(a), etc.

28. At all times relevant herein, Plaintiff was required by Defendant to use his own vehicle to perform his work for Defendant during his workday, but Defendant did not reimburse Plaintiff for about $200-$300 weekly for expenses such as fuel, etc., in violation of NYLL (NYLL 193), the FLSA, etc.

29. At all times relevant herein, Plaintiff suffered a variety of additional unlawful deductions in the form of not receiving additional compensation/wages he earned and was entitled to for activities such as site visits and evaluations/examinations, etc. – additional wages of about $10,000 to $15,000 or more, which he also seeks to recover in this action.

30. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep are incorporated herein by reference.

31. At all times relevant herein, Plaintiff worked more than forty hours a week for Defendant.

32. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay and 1.5 times the applicable New York Minimum wage rate for each and all hours worked in excess of forty hours in a week.

33. In addition, Defendant failed to pay Plaintiff at a rate of at least the applicable (federal and New York State) minimum wage rate for each and all hours worked in 4-6 weeks each year – Plaintiff was paid an equivalent of about $3.20 per hour for some of these weeks, during his employment with Defendant.

34. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

35. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL § 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

36. Upon information and belief and at all times relevant herein, Defendant, individually and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

37. Upon information and belief, and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

38. Upon information and belief, and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems as part of their regular daily business and operations.

39. Upon information and belief, and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

40. Upon information and belief, and at all times relevant herein, Defendant as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

41. Upon information and belief, and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems.

42. Upon information and belief, and at all times relevant herein, Defendant as a regular part of its business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

43. All times applicable or relevant herein refers to the period that Plaintiff performed worked for Defendant.

44. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

45. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

46. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT)**

47. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

48. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendant – including Defendant under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). <u>U.S. v. MacKenzie</u> 777 F.2d 811, 814 (2d Cir., 1985).

49. Plaintiff also seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendant under the federal Fair Labor Standard Act and New York Labor Law under which Plaintiff sues herein. See <u>Barfield v. N.Y.C. Health & Hosps. Corp.</u>, 537 F.3d 132, 141–42 (2d Cir.2008). <u>Brock v. Superior Care, Inc.</u>, 840 F.2d 1054 (2d Cir.1988).

50. The declarations of employee status sought by Plaintiff herein, will allow Plaintiff to seek certain tax contributions from Defendant, as well as make him eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as benefits offered by Defendant to their other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee status that can be recovered in this action under law.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime + Min Wage)**

51. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if set forth fully and at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA - 29 U.S.C 201 et Seq.

53. Upon information and belief, and at all times relevant to this action, Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 206, 207(a).

54. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

55. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

56. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.

### Relief Demanded

57. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, minimum wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime + Min Wage)

58. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 56 above as if set forth fully and at length herein.

59. At all times relevant to this action, plaintiff was employed by Defendant, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. At all times relevant herein, Defendant, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable New York State Minimum wage rate for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

61. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

## Relief Demanded

62. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, minimum wages, wage deductions, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

63. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 61 above with the same force and effect as if fully set forth at length herein.

64. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, and 198 and the applicable regulations thereunder.

65. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, and 198 by failing to pay Plaintiff his wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA) and minimum wages, within the time required under NY Labor Law § 190 et seq.

66. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff, with

9

the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

67. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

68. Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages, minimum wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

69. Declare Defendant to be an employer of Plaintiff and declare Defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

70. As to the **First Cause of Action**, issue a declaratory judgment that Plaintiff at all relevant times was an employee of Defendant under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL

71. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime and minimum wages under the FLSA, together with maximum liquidated damages, costs and attorneys' fees

pursuant to 29 USC § 216(b);

72. As to the **Third Cause of Action,** award Plaintiff his unpaid overtime wages, minimum wages and wage deductions due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, 2.1 together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

73. As to the **Fourth Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid overtime wages, minimum wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendant to comply with NYLL 195(1) and NYLL 195(3).

74. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

75. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **November 30, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*