UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOEL GORDON,                                      :
                                                  :
                    Plaintiff,                    :                    **MEMORANDUM AND ORDER**
                                                  :                       **22-cv-7266(DLI)(TAM)**
              -against-                            :
                                                  :
BLINDS TO GO (U.S.) INC.,                          :
                                                  :
                    Defendant.                    :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On November 30, 2022, Plaintiff Joel Gordon ("Plaintiff") brought this action against

Defendant Blinds to Go (U.S.) Inc ("Defendant") for unpaid wages and expenses, unpaid overtime

wages and failure to provide statutorily required notices and wage statements in violation of the

Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York Labor Law ("NYLL"), §

190 et seq. and § 650 et seq., and NYCRR § 142-2.2.  *See generally,* Complaint ("Compl."), Dkt.

Entry No. 1.  Before the Court is Defendant's motion to dismiss the Complaint ("Motion") for lack

of subject matter jurisdiction pursuant to Rule12(b)(1)[1] and for failure to state a claim pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Def.'s Mot. to Dismiss, Dkt. Entry No. 9.

Plaintiff opposed ("Opposition").  Pl.'s Opp. to Mot. ("Opp."), Dkt. Entry No. 12.  Defendant

replied.  *See*, Def.'s Reply ("Reply"), Dkt. Entry No. 13.  For the reasons set forth below

Defendant's motion is granted without prejudice and Plaintiff is granted leave to amend the

complaint consistent with this Memorandum and Order.

---

[1] While Defendant moves to dismiss this action, in part, for lack of subject matter pursuant to Rule 12(b)(1), in
actuality, it requests that the Court decline to exercise its supplemental jurisdiction over the state law claims pursuant
to its authority under 28 § 1367(a) in the event the federal claims are dismissed.  Accordingly, the Court need not
conduct a Rule 12(b)(1) subject matter jurisdiction analysis.

## BACKGROUND[2]

Defendant is a for-profit corporation engaged in the blinds, drapery and shutter business with a facility located at 85-95 Maurice Avenue in Maspeth, New York 11378.  Compl. at ¶¶ 8, 9, 12.  From in or around October 2018 until about October 24, 2022, Defendant employed Plaintiff via its Maspeth facility to do work in the New York City and Long Island area as a "manual worker/technician lifting, handling/moving/transporting, packing/unpacking, measuring and installing blinds, drapery, shutters and accessories."  *Id.* at ¶¶ 14-15.  Defendant controlled many aspects of Plaintiff's work, including requiring Plaintiff to wear Defendant's uniform and represent that he was employed by Defendant, monitoring Plaintiff's work in the field, training and instructing Plaintiff, and setting Plaintiff's work schedule.  *Id.* at ¶¶ 17, 18, 19, 20.

Plaintiff alleges he "was paid an effective hourly rate of about $30.00 an hour" for 40 hours of work per week, but worked about 50-55 or more hours each week, sometimes 5 or more days per week without being paid overtime wages.  *Id.* at ¶¶ 24-35.  In addition, Plaintiff alleges he was "on call" for "10-15 overtime hours" but he was not paid any overtime wages.  *Id.* at ¶ 27.  Plaintiff alleges that, as such, he only was "paid an equivalent of about $3.20 per hour" for "some" of "4-6 weeks each year."  *Id.* at ¶ 33.  Defendant required Plaintiff to use his personal vehicle for work and allegedly did not reimburse him for expenses such as fuel, that he "estimated" at $200-$300 per week.  *Id.* at ¶ 28.  Defendant allegedly also failed to compensate Plaintiff for work activities "such as site visits and evaluations/examinations, etc." in an amount estimated at $10,000 to $15,000 or more.  *Id.* at ¶ 29.  Finally, Plaintiff alleges that Defendant did not provide Plaintiff with notices and wage statements as required by NYLL § 195.  *Id.* at ¶ 35.

---

[2] The following facts are taken from the Complaint and are accepted as true for purposes of this decision.  *See*, *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (internal citations omitted).

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Furthermore, the Second Circuit emphasized in a labor case that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

Defendant moves to dismiss the complaint for failure to state a claim arguing that the Complaint fails to allege adequately that: (1) Plaintiff was an employee of Defendant; (2) the overtime provisions of the FLSA were violated; or (3) the minimum wage provisions of the FLSA were violated. *See generally*, Mot. Defendant maintains further that Plaintiff is an independent

contractor and not an employee.  Finally, since the federal claims must be dismissed, Defendant argues that the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the state law claims or, in the alternative, dismiss the state law claims for failure to state a claim.  Mot. at 14-18.  Plaintiff counters that the motion should be denied because the Complaint provides enough facts for a plausible inference that: (1) Defendant employed Plaintiff within the meaning of the FLSA and NYLL; (2) Defendant failed to pay him overtime wages in violation of the FLSA; and (3) Defendant failed to pay him a minimum wage in violation of the FLSA and NYLL.  *See generally*, Opp.

## I.    **Employer Status**

For an individual or entity defendant to face liability under the FLSA and NYLL, the defendant must qualify as "an 'employer'" within the meaning of the statutes.  *See, Apolinar v. R.J. 49 Rest., LLC*, 2016 WL 2903278, at *3 (S.D.N.Y. May 18, 2016); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *2 (E.D.N.Y. June 13, 2014). The FLSA defines "employer" as "'any person acting directly or indirectly in the interest of an employer in relation to an employee'" and the NYLL defines "employer" as "'any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer.'"  *Solis*, 2020 WL 1439744, at *7 (quoting FLSA § 203(d)); *Peng Bai*, 2014 WL 2645119, at *2 (quoting NYLL § 651(5)).

Notably, "[c]ourts interpret 'employer' under the NYLL in the same way they interpret [it under] the FLSA."  *Solis v. ZEP LLC*, 2020 WL 1439744, at *7, n.4 (S.D.N.Y. Mar. 24, 2020) (internal quotation marks and citations omitted).  Thus, "the test used to determine whether someone is an employer under the NYLL is the same as under the FLSA and the Court need not discuss the NYLL separately for purposes of this motion."  *Id.* (internal quotation marks and

citations omitted); *Chang Yan Chen v. Lilis 200 W. 57th Corp*., 2020 WL 7774345, at *2, n.3 (S.D.N.Y. Dec. 30, 2020) (same and noting that "[t]he Court's finding that [the defendant] cannot be held liable as [the] [p]laintiff's employer under the FLSA therefore applies equally to [the] [p]laintiff's NYLL [claims]") (collecting cases); *Yuan,* 2022 WL 900614, at *2, n.4 (collecting cases).

The test set out in *Brock v. Superior Care, Inc.,* 840 F.2d 1054 (2d Cir. 1988), is broader and more relevant for distinguishing between independent contractors and employees. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67-68 (2d Cir. 2003). In *Brock,* the court set forth five factors for courts to consider when the case turns on whether a plaintiff was an independent contractor or an employee:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Brock,* 840 F.2d at 1058–59. "No one of these factors is dispositive; rather, the test is based on a totality of the circumstances." *Id.* at 1059.

Defendant's reliance on *Napoli v. Deluxe Corporation,* 2019 WL 2579133, *5 (E.D.N.Y. 2019) and *Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 (S.D.N.Y July 27, 2015) in contending that Plaintiff is an independent contractor and not an employee is misplaced, as both cases turn on the issue of whether the defendant "managers or owners" were employers for purposes of the FLSA under the economic reality test.

Plaintiff counters that the Complaint meets the pleading requirements articulated by the Second Circuit in *Dejesus v. HF Mgmt. Servs.*, *LLC*. 726 F.3d 85 (2d Cir. 2013). In *Dejesus*, the plaintiff alleged that she was the defendant's hourly employee for about three years within the

meaning of the FLSA and explained the wage structure as "a commission for each person recruited to join the insurance programs promoted by defendant, in addition to a regular non-commission wage." *Dejesus*, 726 F.3d at 90 (citations and quotations omitted).

Applying the factors set forth by the Second Circuit in *Brock* and *Zheng*, Plaintiff adequately alleges that he was Defendant's employee for purposes of the instant motion. The Complaint states he "was employed by Defendant within the meaning of the FLSA." *Compl.* at ¶¶ 52. He also alleges that, "Defendant set Plaintiff's work schedule and work hours based on the requirements of Defendant's business." *Id.* at ¶ 20. Plaintiff further states that he was "[n]ever in business for himself and was economically dependent for employment, work and wages on Defendant." *Id.* at ¶ 21. Plaintiff was "required to follow Defendant's rules and procedures in performing his work for Defendant." *Id.* at ¶ 17. Plaintiff worked for defendant for an approximately four-year period from October 2018 until October 24, 2022. *Id.* at ¶ 14. "Plaintiff's work for Defendant was integral to Defendant's business." *Id.* at ¶ 16.

These allegations, which the Court must accept as true at this juncture, plausibly lead to the conclusion that Defendant employed Plaintiff for purposes of the FLSA and NYLL under the *Brock* factors set forth above. These facts indicate that: (1) Defendant exercised a high degree of control over Plaintiff (2) Plaintiff had limited opportunity to profit or invest in the business; (3) Plaintiff had little independent initiative in the execution of his work; (4) Plaintiff and Defendant had an extended four-year working relationship; and (5) the work was integral to Defendant's business. Contrary to Defendant's contentions, Plaintiff's allegations do more than simply reiterate the requisite elements of employment in a conclusory fashion. Thus Plaintiff was Defendant's employee for purposes of the FLSA and NYLL. However, the Complaint fails to set forth

sufficient factual allegations to support the specific violation of the FLSA and NYLL claimed by Plaintiff, warranting dismissal of the Complaint.

## I.    Overtime Wages

Under the FLSA, an employee who works in "excess of forty hours" shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which [s/]he is employed."  29 U.S.C. § 207(a)(1); *See also*, *Lundy*, 711 F.3d at 113-14.  In *Lundy*, the Second Circuit affirmed the district court's dismissal of FLSA and NYLL claims, holding that, to state a plausible overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy*, 711 F.3d at 114.  In *Nakahata v. New York-Presbyterian Healthcare*, 723 F.3d 192, 201 (2d Cir. 2013), the Second Circuit reinforced its holding in *Lundy*, affirming the district court's dismissal of FLSA overtime claims where plaintiffs "merely alleged that they were not paid for overtime hours worked."

In *Dejesus*, the Second Circuit affirmed the district court's dismissal of an FLSA overtime claim that did no more than "rephras[e] the FLSA's formulation specifically set forth in section 207(a)(1)."  726 F.3d at 89 (emphasizing that complaint "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation").  The Second Circuit further found that, "[i]n light of the fact that the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA, our conclusions . . . about the FLSA allegations apply equally to [the NYLL] state law claims."  *Id.* at n. 5 (internal quotation marks and citations omitted).  The *Dejesus* court noted the plaintiff did "not estimate her hours in any or all weeks or provide any other factual context or content.  Indeed, her complaint was devoid of any numbers to consider beyond those

plucked from the statute." *Id.*  The court also clarified that *Lundy* "was not an invitation to provide

an all-purpose pleading template alleging overtime in 'some or all workweeks;'" rather, the

pleading standard "was designed to require plaintiffs to provide some factual context that will

'nudge' their claim from conceivable to plausible.'" *Id.* (citing *Twombly*, 550 U.S. at 570).  To

satisfy this standard, plaintiffs are not required to "keep careful records and plead their hours with

mathematical precision," but they should provide "complaints with sufficiently developed factual

allegations."  *Id.*  "Courts have consistently held that 'on-call' time can constitute work and is

compensable under the FLSA where an employer restricts an employee's ability to use time freely

for the employee's own benefit." *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 581

(S.D.N.Y. 2013) (citing *Armour & Co. v. Wantock*, 323 U.S. 126, 133, (1944)).

        Here, Plaintiff claims he "was paid an *effective hourly rate*[3] of about $30.00 an hour" for

40 hours of work per week, but worked about 50-55 or more hours each week, sometimes 5 or

more days per week without being paid overtime wages.  *Compl.* at ¶¶ 24-35 (emphasis added).

Plaintiff presumably has available to him information as to the wages he was paid per hour and

the number of hours worked to be able to set forth with more specificity how much he was paid

hourly and weekly and how many days and hours he worked per week.  None of this specific

information was set forth in the Complaint.  Plaintiff also does not provide any further facts or

detail that would provide context for the overtime hours worked or the structure of the salary

received such that the Court can determine that there uncompensated hours in excess of 40 hours.

        Plaintiff further alleges he was "on call" for "10-15 overtime hours," but was not paid for

them.  *Id.* at ¶ 27.  Plaintiff has provided no details as to the nature of his "on call" hours, which

are only compensable if Defendant had restricted Plaintiff's ability to use that time freely.  These

---

[3] It is unclear what Plaintiff means by "effective hourly rate."

bare bones allegations are insufficient to meet the pleading standard for overtime claims as set forth in *Lundy* and *Dejesus*. Plaintiff's generalized allegations require the Court to engage in the sort of impermissible speculation precluded by the Second Circuit in *Lundy*. Thus, Plaintiff's overtime claims under the FLSA and NYLL are dismissed without prejudice.

## II.    Minimum Wage

The FLSA requires employers to pay employees a minimum wage, currently set at $7.25 per hour. 29 U.S.C. § 206(a). "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC,* 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). The Complaint is devoid of any facts about actual rate of pay or hours worked that would allow the Court to calculate whether there was a violation of the minimum wage in any pay period.

In addition to the lack of specificity concerning wages and hours worked discussed in Section I above, Plaintiff's statement that "in 4-6 weeks each year – Plaintiff was paid an equivalent of about $3.20 per hour for some of these weeks . . . ." is inadequate because it does not provide the requisite factual predicate to allow for such a calculation. Compl. at ¶ 33. Plaintiff provides no details about the hours worked or the structure of compensation during those 4-6 weeks other than another approximation of "about $3.20 an hour." It is also unclear whether these weeks coincide at least in part with the 3-4 weeks each year Plaintiff did not work 50-55 hours. Thus, Plaintiff's minimum wage claims under the FLSA is dismissed without prejudice.

## III.    Supplemental Jurisdiction Over State Claims

Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §

1367(c)(3).  This is especially favored when, as here, a court eliminates federal claims early in the litigation.  *Klein & Co. Futures, Inc. v. Bd. Of Trade of the City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006).  The Court declines to exercise its supplemental jurisdiction over the remaining state law claims.

## **LEAVE TO AMEND**

Courts *sua sponte* may grant leave to amend.  *Straker v. Metropolitan Transit Authority*, 333 F. Supp.2d 91, 102 (E.D.N.Y. 2004).  "The Court's discretion is broad and its exercise depends upon many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  *Id.* (quotations omitted).  This is consistent with the Second Circuit's strong preference for resolving disputes on the merits.  *See*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011).

Here, as Plaintiff has provided sufficient detail as to his employment relationship with Defendant and since he should possess sufficient information to allege his wage claims with specificity, the Court cannot say that amendment would be futile.  Moreover,  this case is in its early stages.  Defendant filed its motion to dismiss in lieu of an answer and discovery neither has been conducted or scheduled.  Accordingly, Plaintiff is granted leave to amend the Complaint consistent with this Memorandum and Order.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to dismiss is granted and the Complaint is dismissed without prejudice.  However, Plaintiff is granted leave to file an amended complaint consistent with this Memorandum and Order **BY NO LATER THAN OCTOBER 30, 2023.** Failure to timely amend the complaint will result in dismissal of this action with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2023

/s/
_____
DORA L. IRIZARRY
United States District Judge
